IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. PD-0669-13




GREGORY THORNTON, Appellant

v.

THE STATE OF TEXAS



ON STATE’S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
LUBBOCK COUNTY



                      Keller, P.J., filed a concurring opinion.

            In its sufficiency-of-the-evidence analysis, the court of appeals held that courts have
construed the term “conceal” to mean “to hide, to remove from sight or notice, to keep from
discovery or observation.”


 These definitions comport with definitions found in both legal and non-legal dictionaries.


 Whatever else “conceal” might mean in the context of the tampering with
evidence statute, it at least means to remove from sight. And removal from a person’s sight occurs,
at least, when a person’s line of sight to the object in question is blocked.
            Under this definition of “conceal,” the evidence was sufficient to show that appellant had the
specific intent to block the officers’ line of sight to the crack pipe with his body when he stealthily
palmed the crack pipe, dropped it, and walked forward to the officers. Although the court of appeals
focused on Officer Roberts’s testimony that the crack pipe never left his sight,


 Officer Roberts also
testified that he could not see the pipe while it was in appellant’s hand and that appellant had
concealed it there. The jury could also have concluded from the following colloquy between Officer
Roberts and defense counsel that appellant intended to block Officer Roberts’s view of the pipe
when he walked toward the officer:
Q. So him moving away from the pipe concealed it from you?
 
A. Yes, sir.
 
Q. But not from your vision?
 
A. I saw the area to where he was where he dropped it and –
 
Q. I’m looking in a dictionary, conceal means the removing from sight or notice. 
Does that sound like an accurate definition of conceal?
 
A. Yes, sir.
 
Moreover, defense counsel elicited Officer Roberts’s opinion that appellant’s intent was to hide the
crack pipe from the officer:
Q. Okay. And you’re indicating to me and to this jury that you believe Mr.
Thornton’s intent was to hide that from you.
 
A. Yes, sir.
 
Q. And you’re basing that on the fact that he dropped it in front of you and walked
away from it? 
 
A. Uh-huh.

This opinion regarding appellant’s intent qualifies under Rule 701 as one that is “rationally based
on the perception of the witness and helpful to a clear understanding of the witness’ testimony or the
determination of a fact in issue.”



            In addition, pursuant to a request from the defense attorney, Officer Roberts conducted a
demonstration of how the crack pipe was dropped. In argument to the jury, one of the prosecutors
stated, without objection, that the demonstration and the officer’s testimony showed that appellant
dropped the crack pipe “on the ground behind his leg.” Defense counsel disputed that interpretation
in his jury argument, but there is no definitive evidence (such as a video or a “let the record reflect”
statement by the trial court) of what exactly the demonstration showed. Absent definitive evidence
that defense counsel’s interpretation was indisputably correct, we must assume that the
demonstration could rationally support a conclusion that appellant did indeed drop the crack pipe
behind his body.
            With these comments, I join the Court’s opinion. 
 
Filed: April 2, 2014
Publish